### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PEREZ,<br><br>      Petitioner,<br><br>    v.<br><br>STEVEN MERENDINO,<br><br>      Respondent. | Case No. 24–cv–06508–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Marco Perez's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly refused to apply good conduct credits that he had earned pursuant to the First Step Act (Act) because of an immigration detainer. (ECF No. 1.) He also moves to file an "unsworn" declaration (Motion). (ECF No. 12.) Respondent Steven Merendino, Warden of FCI Fairton, opposes the Petition on the grounds that petitioner is ineligible to have good conduct credits applied to his sentence. (ECF No. 7.) For the following reasons, I will deny the Petition and dismiss the Motion as moot.

    Petitioner is a citizen of Mexico. (ECF No. 10–2 p. 1.) On March 29, 2022, petitioner pleaded guilty to being found in the United States after a previous deportation, 8 U.S.C. §§ 1326(a)-(b). *United States v. Perez-Ocampo*, No. 7:22–cr–00179 (S.D. Tex. Mar. 29, 2022) (ECF No. 16.)[1] Petitioner received a 46-month sentence on June 6, 2022. *Perez-Ocampo*, No. 7:22–cr–00179 (ECF No. 24.) His projected release date from custody is April 25, 2025. (ECF No. 7–2 p. 1.)

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

Petitioner filed his Petition on May 28, 2024 while confined in Fairton Federal Correctional Institution (Fairton). (ECF No. 1.) He argued that the Bureau improperly excluded him from earning good conduct credits because he had an immigration detainer. (*Id.* p. 6.) Respondent filed an answer asserting that petitioner was ineligible to earn good conduct credits because he had been convicted of a disqualifying offense. (ECF No. 7 pp. 1, 2.)

Petitioner filed a second § 2241 petition on November 13, 2024 (Second Petition). *Perez v. Kelly*, No. 24–cv–10503. He alleged in the Second Petition that the Bureau refused to process paperwork for placement into a residential reentry center and added a removal order to his file. (*Id.* ECF No. 1 p. 6.) On November 20, 2024, I ordered respondent to file an updated answer in this case, including a copy of any final removal orders issued to petitioner. (ECF No. 9.)

Respondent filed its supplement on December 20, 2024. (ECF No. 10.) Respondent included a Notice of Intent/Decision to Reinstate Prior Order issued by the Department of Homeland Security (Department) on January 18, 2022. (ECF No. 10–5 p. 1) Respondent argued that petitioner was statutorily ineligible to earn and apply good conduct credits because he is subject to a reinstated final order of removal in addition to his disqualifying offense. (ECF No. 10 pp. 1, 3.)

Petitioner filed a reply and the Motion on January 23, 2025. (ECF Nos. 11, 12.) In his reply, petitioner abandoned his argument that he was entitled to good conduct credits pursuant to the Act. (ECF No. 11 p. 2 ("[Petitioner] no longer contends that he is entitled to Earned Time Credits (ETCs) under the First Step Act.") He continued to assert his entitlement to good time credits pursuant to the Second Chance Act as well as consideration for placement in a residential reentry center. (*Id.*) The Motion seeks permission to file an unsworn declaration addressing respondent's allegation that he failed to exhaust his administrative remedies. (ECF No. 12.)

In the Petition, petitioner asked the Court to order the Bureau to award him good conduct credits "earned from completion of Evidence Based Recidivism Reduction and Production Activities programming … ."  (ECF No. 1 p. 7.); *see also* 18 U.S.C. § 3632(d)(4)(A).   He abandoned that argument in his reply.  (ECF No. 11 p. 2.)   Therefore, I conclude the Petition should be denied because petitioner has conceded that he is not entitled to the relief he asked the Court to provide him.   His arguments regarding the Second Chance Act and residential reentry center placement are not part of the Petition; these arguments remain under consideration in the Second Petition.

In addition, the Petition must be denied because petitioner is ineligible to earn credits for completing recidivism reduction programming or productive activities due to his reentry conviction.   "A prisoner is ineligible to receive time credits … if the prisoner is serving a sentence for a conviction under … Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien," so long as the conviction was pursuant to 8 U.S.C. § 1326(b)(1)-(2).  18 U.S.C. § 3632(d)(4)(D)(lix).  Petitioner was convicted pursuant to § 1326(b)(2), making him ineligible.  (ECF No. 7 p. 3; ECF No. 8 p. 1.)   Therefore, I will deny the Petition.   I will dismiss the Motion as moot.

An appropriate Order accompanies this Opinion.

      */s/ Edward S. Kiel*
      **EDWARD S. KIEL**
      UNITED STATES DISTRICT JUDGE

Dated: January 31, 2025